UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derreck Campbell,

       Plaintiff,    Case No. 10-14179
                                    Hon. Laurie J. Michelson

v.

Liberty Mutual Group,

       Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [12]**

This matter is before the Court on the Motion of Defendant Liberty Mutual Group a/k/a Liberty Mutual Insurance ("Liberty Mutual") for Summary Judgment. (Dkt. 12.) Pursuant to the Court's Scheduling Order, Plaintiff's Response was due no later than June 3, 2011. (Dkt. 15.) Plaintiff did not file a response and, therefore, the Court construes Defendant's Motion as unopposed. E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available."). The parties have consented to a decision by this Court. (Dkt. 14.) For the reasons set forth below, Defendant's Motion is **GRANTED.**

**I.    BACKGROUND**

    **A.    The Undisputed Facts**

On August 28, 2009, Plaintiff Derreck Campbell ("Campbell") submitted an Application for a homeowner's insurance policy with Liberty Mutual for property located in Detroit, Michigan ("Property"). (Dkt. 12, Def.'s Mot. Summ. J. Ex. A, Att. 1.) The Application asked, "During the

past five years, have you or other occupants of the premises had a claim or loss?" (*Id.*) Mr. Campbell responded "No." (*Id.*, p. 4). The Application also advised the insurance applicant that:

> Signing this form does not bind the applicant to complete the insurance, but it is agreed that this form shall be the basis of the contract should a policy be issued. If any questions appearing above, or elsewhere on this application, have been answered falsely or fraudulently, this entire insurance is null and void and all claims thereunder shall be forfeited.

*Id.*, p. 5.

The Application also included a Michigan Property Supplement Application which asked, "At this time, are the real property taxes on the dwelling to be insured delinquent?" Mr. Campell answered "No." (*Id.* at ECF 12). In submitting the Application, Mr. Campbell electronically signed at the bottom of the page under the following statement:

> I hereby declare to the best of my knowledge and belief that all of the foregoing statements are true and that these statements are offered as an inducement to the company to issue the policy for which I am applying.

*Id.*

On August 31, 2009, a policy of insurance was issued to Mr. Campbell for the Property. (Def.'s Mot. for Summ. J., Ex. B.) Mr. Campbell subsequently submitted a claim for losses alleged to have occurred as a result of a fire at the Property on or about December 16, 2009. An investigation conducted by the Liberty Mutual Claims Department revealed a number of facts that were undisclosed, concealed, or otherwise misrepresented in the application process by Mr. Campbell. (Def.'s Mot. Ex. A, ¶ 3.) Liberty Mutual learned that, at the time Mr. Campbell prepared his insurance application, the property taxes on the subject property were delinquent as follows:

2

>   2007: $680.58
>
>   2008: $1,727.60
>
>   2009: $1,416.45

(*Id.* ¶ 5.) Additionally, despite Mr. Campbell's answer to the contrary on the Application, he did have a prior insurance claim – a fire loss in 2008 involving another property in Detroit, Michigan – for which he received benefits from Michigan Basic Insurance Company. (*Id.* ¶ 6; Ex. C).

Based upon Plaintiff's misrepresentations to Liberty Mutual in his application for insurance, as well as the underwriting standards and rules in effect at that time and the Michigan Insurance Code, Mich. Comp. Laws § 500.2100 *et seq.*, Liberty Mutual sent Mr. Campbell a letter rescinding the insurance policy. (Def.'s Mot. Ex. A, Att. 3). The letter explained:

>   This is to notify you that we are rescinding the above policy and hereby declaring it to be null and void as of its effective date of August 31, 2009. Therefore, no insurance exists or will be deemed to have existed with Liberty Insurance Company.
>
>   A refund check including the return of all premiums paid to the Company for this policy, will be mailed to you shortly.
>
>   This action has been taken by the company because of what is believed to be material misrepresentations on your application for homeowner insurance. Specifically, the following information was undisclosed, concealed or otherwise misrepresented:
>
>   • At the time you applied for this policy, real property taxes were delinquent for two or more years.
>   • The dwelling was not owner occupied.
>   • You failed to disclose a 2008 fire loss on your application.
>
>   Had we known about this information, we would not have issued this policy.
>
>   Your claim, # HD414-132 75264-0 I, for the loss reported to have occurred on or about 12/16/09 is not covered and is hereby specifically denied, since your policy is void, as indicated above.

(Def.'s Mot. Ex. A, Att. 2.)

As indicated in the letter, Liberty Mutual subsequently sent Mr. Campbell a check for $3,110.00 as a refund of the policy premiums prepaid by Mr. Campbell. (Def.'s Mot. Ex. A, Att. 4.) On August 2, 2010, Mr. Campbell deposited the check. (Def.'s Mot. Ex. A, Att. 1.)

### B.      Procedural History

Following the rescission of the insurance policy, on September 28, 2010, Plaintiff filed a breach of contract and breach of the Michigan Uniform Trade Practices Act lawsuit in Wayne County Circuit Court which Defendant Liberty Mutual removed to this Court on the basis of diversity. (Dkt. 1.) On April 5, 2011, Liberty Mutual filed this Motion for Summary Judgment contending that, as the Plaintiff's insurance policy was rescinded, there can be no breach of contract (for failing to pay on the rescinded policy) and that Plaintiff's acceptance of the refund of premiums constitutes an accord and satisfaction.

## II.     ANALYSIS

### A.      Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

Liberty Mutual's Motion is unopposed. "'The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically.'" *Sobczak v. Daniel Spitters, P.A.*, No. 1:09-cv-57, 2011 U.S. Dist. LEXIS 19884, at *7 (W.D. Mich. Feb. 3, 2011) (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2nd Cir. 1996)). However, "when a motion for summary judgment is unopposed, '[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record.'" *Id.* (quoting *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992)).

### B.     Liberty Mutual Rescinded the Policy

Liberty Mutual contends that Plaintiff made material misrepresentations in his application for insurance, it would not have issued the policy had it known the true facts, it properly rescinded the policy and Plaintiff acknowledged this rescission by accepting the refund of premiums. (Def.'s Br. Supp. Mot. Summ. J. at 6.)

5

Another Court in this District recently granted summary judgment in a virtually identical case and aptly summarized the controlling Michigan law as follows:

> "It is the well-settled law of [Michigan] that where an insured makes a material misrepresentation in the application for insurance, including no-fault insurance, the insurer is entitled to rescind the policy and declare it *void ab initio*. Rescission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer. Reliance may exist when the misrepresentation relates to the insurer's guidelines for determining eligibility for coverage." *Lake States Ins. Co. v. Wilson*, 231 Mich. App. 327, 330, 586 N.W.2d 113 (1998). "Rescission is justified in cases of innocent misrepresentation if a party relies upon the misstatement, because otherwise the party responsible for the misstatement would be unjustly enriched if he were not held accountable for his misrepresentation." *Lash v. Allstate Ins. Co.*, 210 Mich. App. 98, 103, 532 N.W.2d 869 (1995). *See also Wheatonn v. Geico Ins. Co.*, No. 265338, 2006 WL 740080 at * 4 (Mich. Ct. App. March 23, 2006) (noting that a misrepresentation need not be intentional for an insurer to raise the misrepresentation as a basis for rescission and that "no duty is owed to the insured to investigate or verify representations or to discover intentional misrepresentations.") It is equally clear that "an insurer does not owe a duty to the insured to investigate or verify that individual's representations or to discover intentional material misrepresentations." *Hammoud v. Metropolitan Prop. and Cas. Ins. Co.*, 222 Mich. App. 485, 489, 563 N.W.2d 716 (1997). Finally, "a fact or representation in an application is 'material' where communication of it would have had the effect of 'substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium.'" *Oade v. Jackson Nat'l Life Ins. Co. of Michigan*, 465 Mich. 244, 253, 632 N.W.2d 126 (2001) (discussing materiality in the context of misrepresentations made in an application for life insurance) (quoting *Keys v. Pace*, 358 Mich. 74, 82, 99 N.W.2d 547 (1959)).

*Brooks v. Uberty Mutual Fire Insurance* Co., No. 09-cv-10352, 2009 WL 5171728, at *5 (E.D. Mich. Dec. 30, 2009).

The record is undisputed concerning Plaintiff's material misrepresentations in his insurance application. While Plaintiff indicated he had no other insurance claim or loss in the last five years,

he testified during his Examination Under Oath that, in fact, he had received insurance benefits for a fire from Michigan Basic Insurance Company in 2008– benefits he ultimately used to purchase the subject property. (Def.'s Mot. Ex. C, at 15, 20, 24.) Additionally, the tax records pertaining to this property further make clear that, despite Plaintiff's representation to the contrary on the insurance application, there were delinquent property taxes at the time Plaintiff submitted the application. (*Id.* Ex. A, Att. 2.)

The record is equally undisputed regarding Liberty Mutual's reliance on these misrepresentations. In support of its Motion, Liberty Mutual attaches the affidavit of Robbie Meitler, its Assistant Vice President and Manager, Personal Market Product Management Compliance. (Def.'s Mot. Ex. A.) Meitler reviewed the underwriting information pertaining to the decision to rescind the Policy issued to Plaintiff. (*Id.* ¶ 2.) Meitler testified that the subject property would have been ineligible for homeowners insurance and no such policy would have been written had Liberty Mutual known about the prior fire loss claimed by Plaintiff or the delinquent taxes on the Property. (*Id.* ¶¶ 4-7.) Additionally, in signing the application, Plaintiff "declare[d] to the best of [his] knowledge and belief that all of the foregoing statements are true and that these statements are offered *as an inducement* to the company to issue the policy for which I am applying." (Def.'s Mot. Ex. A, Att. 1 (emphasis added).)

There is simply no genuine issue of fact as to whether Plaintiff's misrepresentations regarding a prior fire claim and delinquent property taxes were material to Liberty Mutual's decision to issue Plaintiff the Policy. *Brooks,* 2009 WL 5171728, at *10. And "'rescission is justified without regard to the intentional nature of the misrepresentation, as long as it is relied upon by the insurer.'" *General Motors Acceptance Corp. v. Titan Ins. Co. and Towner,* No. 244722, 2004 WL

2256170, *6 (Mich. Ct. App. Oct. 7, 2004) (unpublished) (quoting *Lash*, 210 Mich. App. at 103).

Moreover, Liberty Mutual "restore[d] the insured to [its] former status by refunding all premiums paid." *Continental Assurance Co. v. Shaffer*, 157 F. Supp. 829, 834 (E.D. Mich. 1957). It is undisputed that the prepaid premiums of $3,110.00 were returned to Mr. Campbell and he cashed the check. (Def.'s Mot. Ex. A, ¶¶ 9-10.)

Accordingly, as Liberty Mutual properly rescinded Plaintiff's policy of insurance, Liberty Mutual is entitled to summary judgment on Plaintiff's claims alleging failure to pay on this policy.[1]

### C. Accord and Satisfaction

Liberty Mutual also contends that Plaintiff acknowledged there was an accord and satisfaction resolving his claims against Liberty Mutual with regard to the subject policy by accepting the letter of rescission and cashing the check that refunded the premiums paid. (Def.'s Br. Supp. Summ. J. at 13.) "We recognize the Michigan rule that to constitute an accord and satisfaction, the tender of payment as being in full should be made in unequivocal terms so that the creditor in accepting the payment will do so understandingly." *Allstate Insurance Co. v. Springer,* 269 F.2d 805, 809 (6th Cir. 1959), *cert denied,* 361 U.S. 932 (1960). Liberty Mutual's July 2, 2010 letter clearly advised the Plaintiff that Liberty Mutual was rescinding the policy, the bases for this decision, and that a refund check of the premiums paid would be forthcoming – because the policy was being rescinded. (Def.'s Mot. Ex. A, Att. 3.) The letter also specifically advised Plaintiff that, "Your claim . . . for the loss reported to have occurred on or about 12/16/09 is not covered and is

---

[1] Even if the policy had not been rescinded it would have been void according to its terms. The policy provides: "2. Concealment or Fraud. The entire policy will be void if, whether before or after a loss, an 'insured' has: a. Intentionally concealed or misrepresented any material fact or circumstance; b. Engaged in fraudulent conduct; or c. Made false statements; relating to this insurance." (Def.'s Mot. Ex. C, §§1, 2 - Conditions at 17.)

hereby specifically denied, since your policy is void, as indicated above." (*Id.*)

There is no genuine issue of material fact that, having received this letter, Plaintiff cashed the check for $3,110.00 with full knowledge that it was for return of insurance premiums and that his policy had been rescinded. *See Howard v. Farm Bureau Ins.*, No. 289407, 2009 WL 4985469, at *3 (Mich. Ct. App. Dec. 22, 2009) (holding that the insured's cashing of a check which refunded insurance premiums and rescinded the policy constituted an accord and satisfaction). Based on the Court's ruling above, however – that the proper rescission of the policy precludes Plaintiff's claims for failure to pay on this policy – the Court does not reach the issue of whether Plaintiff's action of cashing the check, and acknowledging the rescission of the policy, was an accord and satisfaction of the claims asserted against Liberty Mutual.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Liberty Mutual's Motion for Summary Judgment and dismisses the Complaint WITH PREJUDICE.

**IT IS SO ORDERED.**

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES MAGISTRATE JUDGE

Dated: June 14, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 14, 2011.

        s/Jane Johnson
        Deputy Clerk